UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JADA DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:23-cv-1595-MTS |
| ) | |
| VERNON BETTS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jada Davis's Motion for Leave to Proceed in Forma Pauperis and Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. For the reasons explained herein, the Court will grant Petitioner leave to proceed in forma pauperis and deny the Petition.

### Background

Petitioner identifies herself as a pretrial detainee in the matter *State of Missouri v. Jada Davis*, 2322-CR00082-01 (22nd Jud. Cir. 2023). According to the public records published on Missouri Case.net, Petitioner faces charges related to shooting at a person from a motor vehicle. Here, Petitioner sets forth her claims in a confusing manner, but she seeks relief, in part, on the basis that Missouri lacks jurisdiction over her. She identifies herself using terms including "Natural Person, Cherokee Nation-not enrolled, Moor-Muur." Doc. [1] at 1. She asserts that she has the power to govern herself on her land without State interference and that her detention violates the treaties of Hopewell and Holston.

Petitioner also claims she is innocent of the charges against her and that she was unlawfully arrested. She seeks outright dismissal of the charges against her, and in her

prayer for relief, she states she is entitled to dismissal of all charges because the State of Missouri failed to bring her to trial within 180 days.  Petitioner also seeks monetary relief, a waiver of the fees charged to tow her vehicle, and an order compelling the criminal prosecution of certain individuals.  She does not seek to compel a trial.

## Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.  Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241.  *See* Rule 1(b) of the Rules Governing § 2254 Cases (the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").  Having reviewed the Petition pursuant to Rule 4, the Court finds it plainly appears that Petitioner is not entitled to relief, and the Court therefore will summarily dismiss the Petition.

Generally, a state pretrial detainee can petition for federal habeas corpus relief under 28 U.S.C. § 2241(c)(3).  *See Sacco v. Falke*, 649 F.2d 634, 635 (8th Cir. 1981); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979).  Section 2241 does not impose an exhaustion requirement, but federal courts have held that petitioners ordinarily are required to exhaust state remedies before seeking federal relief.  *See, e.g.*, *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Sacco*, 649 F.2d at 635–36.  If the issues raised in the petition can be resolved either by trial on the merits in the state court or other available state procedures, federal relief is unavailable.  *See Sacco*, 649 F.2d at 636.  A petitioner can avoid exhausting state remedies by demonstrating special circumstances.  *See Braden*, 410 U.S. at 489.

Petitioner indicates an intent to assert a claim premised upon her right to a speedy trial, but she does not proceed pursuant to the Sixth Amendment.  Instead, she can only be understood to proceed pursuant to an outdated version of Missouri's Speedy Trial Act, which required a trial to commence within 180 days of arraignment.  Even if current Missouri law imposes that requirement, this Court would not have jurisdiction under § 2241 "to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986); *accord Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984) (explaining that, in the context of a § 2254 habeas petition, the "question of whether the state violated its own speedy trial statute is a matter for the state courts").

Petitioner also seeks relief on the basis that the State court lacks jurisdiction over her because she is a special, or sovereign, citizen.  Because there is no such thing as a sovereign citizen, such claims are, of course, frivolous, and this Court rejects the arguments without extended discussion.  *See, e.g.*, *United States v. Simonson*, 563 F. App'x 514 (8th Cir. 2014) (per curiam) (stating that appellants' argument "that they are special, sovereign citizens" was frivolous); *United States v. Hardin*, 489 F. App'x 984, 985 (8th Cir. 2012) (per curiam) (rejecting as meritless appellant's challenges to the district court's jurisdiction based on his status as a sovereign citizen); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (per curiam) (stating that appellant's assertion that federal courts have no "civil jurisdiction over a sovereign citizen" was frivolous); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (finding that arguments based on sovereign citizenship were completely meritless and would be rejected without expending court resources on discussion of them).

Petitioner's remaining claims can be raised in the state courts.  Petitioner has not demonstrated, and independent review does not show, that she has exhausted state remedies.

3

In addition, Petitioner does not establish any special circumstances that would obviate the exhaustion requirement. Petitioner is therefore not entitled to relief under § 2241. *See Braden*, 410 U.S. at 489–92.

It appears Petitioner also asks this Court to compel the criminal prosecution of certain people; however, the initiation of a federal criminal prosecution is not subject to judicial compulsion. *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981). Under this Country's constitutional framework, "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974). Petitioner also seeks monetary relief, but monetary relief is not available in an action filed pursuant to § 2241. *See Miller v. Nohe*, 740 F. App'x 381, 382 (4th Cir. 2018) (per curiam).

\*     \*     \*

For the foregoing reasons, the Court finds that it plainly appears Petitioner is not entitled to relief and summarily dismisses the Petition under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis, Doc. [4], is **GRANTED.**

**IT IS FURTHER ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED**. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253(c).

Dated this 10th day of May 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE